**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 16-3207 & 16-3208
_____

W. JAMES MAC NAUGHTON

v.

SHAI HARMELECH; CABLE AMERICA INC.,
d/b/a SATELLITE AMERICA; USA SATELLITE & CABLE INC.,

Shai Harmelech,
        Appellant in 16-3207

Cable America, Inc, DBA Satellite America
USA Satellite & Cable Inc,
        Appellants in 16-3208
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-09-cv-05450)
District Judge:  Honorable Kevin McNulty
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 30, 2017
_____

Before:  VANASKIE, KRAUSE, and RESTREPO, *Circuit Judges*

(Opinion Filed: August 16, 2017)

———————————

OPINION[*]
—————————

VANASKIE, *Circuit Judge.*

Appellants Shai Harmelech, Cable America Inc., and USA Satellite and Cable Inc. (collectively "Harmelech") challenge the District Court's calculation of the amount due and owing under a Promissory Note issued in favor of Appellee W. James Mac Naughton. Discerning no error in the District Court's determination of the amount due to Mac Naughton, we will affirm.

I.

Mac Naughton represented Appellants in *Russian Media Group, LLC v. Cable Am., Inc.,* No. 06 C 3578 (N.D. Ill.). Mac Naughton billed Harmelech $108,132.28 for fees and expenses. In June of 2009, Appellant USA Satellite tendered to Mac Naughton $37,000 in checks that were returned for insufficient funds. On July 16, 2009, Mac Naughton suspended representation of Appellants for non-payments of his fees and expenses.

On August 12, 2009, the parties settled the payment dispute by executing a Security Agreement and a Promissory Note for $65,879—the total amount of legal fees owed *less* the $37,000 in bad checks, which was the subject of a separate criminal

———————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

action.[1]  Harmelech promised to pay the balance of the Note over the course of the next six months, but he defaulted shortly after its execution.  After Harmelech defaulted on the Note, he also defaulted on a Settlement Agreement with a company named RMG, for $276,384.  On August 1, 2014, RMG assigned that judgment to Casco Bay Holdings, LLC—a company owned by Mac Naughton.  Casco Bay filed several actions in the United States District Court for the Northern District of Illinois to collect the RMG Judgment.  At the same time that those cases were filed, Mac Naughton filed two civil actions against Harmelech in New Jersey Superior Court for libel and for enforcement of the Security Agreement.

On November 17, 2015, Mac Naughton and Harmelech entered into a settlement (the "Global Settlement Agreement") to resolve all disputes between them, including the current dispute arising from the Promissory Note default, the default on the Casco Bay cases, and the related state cases.  The Global Settlement Agreement stated that a sum of $100,000, currently held in escrow by an Illinois state court, would be split between Casco Bay and other attorneys for Harmelech to settle their competing claims to the money in one of the Casco Bay cases.  This Global Settlement Agreement made no specification as to whether the $50,000 given to Casco Bay would also count towards the Promissory Note amount still owed by Harmelech to Mac Naughton, the owner of Casco Bay.  The Global Settlement Agreement also provided that Harmelech would pay Mac Naughton $125,000 by December 2015.  Upon receipt of that payment, all cases

---

[1] Between June 26, 2009 and November 18, 2010, Harmelech made payments to Mac Naughton that totaled $37,000, and the criminal charges were dropped.

3

involving the parties, including this case to enforce the Promissory Note, would be dismissed with prejudice. Harmelech did not pay the requisite amount by December 2015 and the cases continued to be litigated.

In July of 2016, the District Court granted Mac Naughton's summary judgment motion with regard to Mac Naughton's request to enforce the original Promissory Note. In opposing summary judgment, Harmelech made a claim that his bounced check payments of $37,000 should be credited toward the payment of the Note. The District Court rejected this claim because the $37,000 in bad checks had been taken into account in fixing the Promissory Note principal amount of $65,000. Thus, Harmelech was not entitled to credit the payments made to cover the bounced checks against the amount due under the Promissory Note.

Harmelech appealed the summary judgment ruling on July 22, 2016. Thereafter, Mac Naughton moved for entry of judgment. After taking into account accrued interest under the Promissory Note and payments made by Harmelech (other than the payments covering the $37,000 in bad checks), the District Court, on September 7, 2016, entered judgment in favor of Mac Naughton in the amount of $71,763.

In opposing the summary judgment motion, Harmelech made no claim that the $50,000 awarded to Casco Bay through the Global Settlement Agreement should be credited toward the Promissory Note.[2] Harmelech first made that claim on November 8,

---

[2] Harmelech explains that the Global Settlement Agreement was reached after briefing on the summary judgment motion was completed. We note that the Global Settlement Agreement was still entered months before the District Court ruled on the motion, however, and Appellants may have therefore waived the issue by failing to bring it to the

2016, when he moved to stay execution on the Judgment without posting a supersedeas bond. The District Court rejected the motion on the grounds that the Global Settlement Agreement expressly designated that the $50,000 would be applied towards the satisfaction of the RMG Judgment held by Casco Bay and not towards payment of the Promissory Note held by Mac Naughton. Additionally, the Court held that the $50,000 given to Casco Bay was in relation to the Global Settlement Agreement which would have retired all actions between Mac Naughton and Harmelech had Harmelech paid Mac Naughton $125,000 by December 2015, but Harmelech failed to fulfill that obligation. Finally, the District Court noted that if the $50,000 were supposed to be credited toward the amount outstanding on the Promissory Note, such an argument should have been made in opposing the motion for summary judgment.

## II.

The United States District Court for the District of New Jersey had diversity jurisdiction pursuant to 28 U.S.C. § 1332, and this Court has jurisdiction pursuant to 28 U.S.C. § 1291 as this is an appeal of a final order. The District Court's summary judgment ruling is accorded plenary review. *Montone v. City of Jersey City,* 709 F.3d 181, 189 (3d Cir. 2013).

## III.

---

District Court's attention until after the entry of judgment, but we exercise our discretion to address the issue now as it pertains to Appellants' argument regarding the correct calculation of damages. *See Huber v. Taylor*, 469 F.3d 67, 74 (3d Cir. 2006).

5

Harmelech takes issues with the District Court's calculation of the outstanding amount owed to Mac Naughton on the Promissory Note.[3] Specifically Harmelech asserts that the $50,000 paid to Casco Bay should be credited toward the Promissory Note and that the payments made to cover the bad checks should also be applied to the current outstanding amount. These arguments are without merit.

The District Court made no errors when calculating the amount still owed on the Promissory Note. The credits which Harmelech seeks in regard to the bad check payments were taken into consideration when the Promissory Note principal amount was fixed. Similarly, there is nothing in the Global Settlement Agreement that suggests that the $50,000 paid to Casco Bay should be applied towards the amount due under the Promissory Note. Only if Harmelech had paid the $125,000 to Mac Naughton by the prescribed date would the Promissory Note have been deemed satisfied. Because Harmelech failed to do so, the stipulations made in the Global Settlement Agreement were stripped of all effect.

## IV.

For the foregoing reasons, we will affirm the July 13, 2016 Order of the District Court granting Mac Naughton's motion for summary judgment and the corresponding entry of judgment against Harmelech on September 6, 2016 in the amount of $71,763.

---

[3] To the extent Appellants' briefing may be construed as challenging the merits of the underlying action, and not merely the proper calculation of damages, such passing references are insufficient to raise that issue before this Court. *See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp*., 26 F.3d 375, 398 (3d Cir. 1994).

6